**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MARGARET A. CALHOUN and**
**DAVID S. CALHOUN,**

                        Plaintiffs,                  07-CV-0109A(Sr)

**v.**

**DARRYL G. ALLEN, et al.,**

                        Defendants.

---

**REPORT, RECOMMENDATION AND ORDER**[1]

       This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #5.

       Currently before the Court is plaintiffs' motion to remand this personal injury action to the New York State Supreme Court, Allegany County. Dkt. #7. For the following reasons, it is recommended that plaintiffs' motion to remand be granted.

---

[1] Since the Court of Appeals for the Second Circuit has yet to determine whether a motion to remand is a dispositive or nondispositive motion, and the Hon. Richard J. Arcara has previously declined to decide the issue, the Court will avoid uncertainty over the scope of its jurisdiction by addressing the motion to remand by way of Report, Recommendation and Order rather than Decision and Order. *Cf. Vogel v. United States Office Products Co.*, 258 F.3d 509, 514-517 (6th Cir. 2001) (agreeing with Courts of Appeals in the Third and Tenth Circuits that motions to remand are dispositive motions), *with In re Pfohl Bros. Landfill Litigation*, 67 F. Supp.2d 177, 179 (W.D.N.Y. 1999) (declining to decide whether motion to remand is dispositive "because it would adopt the Magistrate Judge's decision to remand even under a *de novo* standard.").

**BACKGROUND**

On January 10, 2007, plaintiffs filed a Summons and Complaint with the New York State Supreme Court, Allegany County, alleging that on July 2, 2006, defendant Darryl G. Allen was negligently driving a motor vehicle owned by defendant Alamo Financing, LP, ("Alamo"), a foreign corporation authorized to do business within New York, and caused his vehicle to collide with plaintiff Margaret A. Calhoun's vehicle in the Town of Wellsville, New York.  Dkt. #7-1.  Mrs. Calhoun claims that she sustained serious personal injury in this collision.  Dkt. #7-1.  Her spouse, David S. Calhoun, asserts a cause of action for loss of consortium.  Dkt. #7-1.

Alamo was served on January 29, 2007 and removed the action to this Court on February 27, 2007.  Dkt. #7-4.  In support of removal, defendants assert that 49 U.S.C. § 30106[2] preempts plaintiffs' state law claims and "converts" them into a "federal claim that comes within the scope of a federal cause of action necessarily arising under federal law for purposes of the well pleaded complaint rule."  Dkt. #7-4, ¶ 3.  In other words, defendants argue "that the vicarious liability law of New York has

---

[2] This statute provides that
> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if –
>
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a).

been preempted by a federal statute, which is cause for removal to federal court." Dkt. #9, ¶ 7.  Defendants do not claim diversity jurisdiction.  Dkt. #9, ¶ 9.

Defendants answered the Summons and Complaint on February 28, 2007.  Dkt. #9.  In their Answer, defendants assert an affirmative defense that plaintiffs' claim against Alamo is "rendered null and void [by] United States Code Title 49, Chapter 301, Section 30106."  Dkt. #9, p.27.

### **DISCUSSION AND ANALYSIS**

Plaintiffs' move to remand this action to the New York State Supreme Court, Allegany County, on the ground that their complaint alleges negligence, which does not qualify as a federal question, and that the defendants' reliance upon 49 U.S.C. § 30106 as a defense to plaintiffs' complaint is insufficient to establish jurisdiction in the federal courts.  Dkt. #7-6.

Absent diversity of citizenship, a removing party must establish that the complaint presents a federal question.  See 28 U.S.C. § 1441.  In other words, the cause of action must arise under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  Resolution of this question "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "The rule makes the plaintiff the

master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

An exception to the well-pleaded complaint rule provides that a state claim can be removed "[w]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). "Under the complete-preemption doctrine, certain statutes are construed to have such 'extraordinary' preemptive force that state-law claims coming within the scope of the federal statute are transformed, for jurisdictional purposes, into federal claims – *i.e.*, completely preempted." *Sullivan v. American Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir. 2005). The United State Supreme Court has recognized only a limited number of statutes as possessing "the requisite extraordinary preemptive force to support complete preemption," including section 301 of the Labor-Management Relations Act; section 502 of the Employee Retirement Income Security Act; and sections 85 and 86 of the National Bank Act. *See id.* at 272 (2d Cir. 2005). The Court of Appeals for the Second Circuit has also extended the doctrine of complete preemption to the Copyright Act, noting that this statute "both preempts state law and substitutes a federal remedy for that law, thereby creating an exclusive federal cause of action." *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004), *cert. denied*, 544 U.S. 949 (2005).

A second exception to the well-pleaded complaint rule arises when Congress explicitly legislates jurisdiction over certain state-law claims. *Beneficial*

*National Bank v. Anderson*, 539 U.S. 1, 6 (2003).  For example, in the Price-Anderson Act, Congress  afforded federal courts jurisdiction over tort actions arising out of nuclear accidents and exlicitly provided for removal of such actions from state court even if they asserted only state-law claims.  *Id.*  Similarly, section 408(b)(3) of Air Transportation Safety and System Stabilization Act afforded the Southern District of New York "original and exclusive jurisdiction over all actions brought for any claim (including any claim for loss of property, personal injury, or death) resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001."  *See In re World Trade Center Disaster Site Litigation*, 270 F. Supp.2d 357, 368 (S.D.N.Y. 2003), *aff'd in relevant part*, 414 F.3d 352, 371-75 (2005) ("Thus, although state law would provide a cause of action in the absence of contrary federal law, the provisions in § 408(b)(1) establishing an exclusive federal remedy undeniably bespeak an intent to displace state-law remedies entirely for such damages claims.").

      In the instant case, plaintiffs' complaint alleges negligent operation of a motor vehicle resulting in personal injury.  Dkt. #7-1.  Nothing in 49 U.S.C. § 30106 suggests that Congress intended to displace state court jurisdiction over personal injury actions involving rented or leased motor vehicles.  Nor does the language of 49 U.S.C. § 30106 provide a federal remedy for actions involving persons injured by the driver of a rented or leased motor vehicle.  Thus, neither of the exceptions to the well-pleaded complaint rule confer jurisdiction of plaintiffs' personal injury action on the federal courts.

The fact that defendants rely upon a federal statute as an affirmative defense to plaintiffs' claim of liability does not alter the jurisdictional analysis. "Federal preemption is a defense, and therefore, the general rule is that even if a state law based cause of action is preempted by federal law, the case cannot be removed." *Hernandez v. Conriv Realty Assocs.*, 116 F.3d 35, 38 (2d Cir. 1997). In other words, "[p]reemption does not necessarily confer jurisdiction, since it is generally a defense to plaintiff's suit and, as such, it does not appear on the face of a well-pleaded complaint." *Briarpatch Ltd.*, 373 F.3d at 304. Thus, it is "settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 14 (1983). "Many federal statutes – far more than support complete preemption – will support a defendant's argument that because federal law preempts state law, the defendant cannot be held liable under state law." *Sullivan*, 424 F.3d at 272-73. Thus, the merits of defendants' argument that 49 U.S.C. § 30106 preempts plaintiffs' claim against Alamo should be resolved in state court.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that the motion to remand this action to the New York State Supreme Court, Allegany County, be granted.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to

<u>comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:   Buffalo, New York
November 19, 2007

**S/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**